UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERALD W. OVERLEY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-163

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 8),[3] and the record as a whole.

I.

A.  **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of July 1, 2010. PageID 44. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, mild

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

lumbosacral degenerative disc disease, residuals of left knee contusion, chronic obstructive pulmonary disease, and an affective disorder. PageID 46.

After an initial denial of his application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 4, 2017. PageID 72-112. The ALJ issued a written decision on July 3, 2017 finding Plaintiff not disabled. PageID 44-63. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 43-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 29-31. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 44-63), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct

---

[4] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). An individual who can perform light work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) evaluating the opinions of his treating psychologist, Miriam Hoefflin, Ph.D.; (2) evaluating opinions of the state agency mental health reviewing physicians; and (3) weighing the opinion of the state agency's psychologist Mary Ann Jones, Ph.D. Doc. 9 at PageID 1159. Agreeing with Plaintiff's first assignment of error, the undersigned would direct the ALJ to consider his remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

In this case, Dr. Hoefflin, Plaintiff's treating psychologist who counseled him in weekly psychotherapy sessions, first authored an opinion in May 2015. PageID 434-36. She noted that Plaintiff "appears to have difficulty with persistence and also low frustration tolerance"; "has excessive anxiety and depressive affect"; "is easily offended and becomes combatant"; and "does not handle either routine stress or work place stressors successfully." *Id.* Dr. Hoefflin wrote a second, consistent opinion in May 2016. PageID 753-56. There, she specifically noted the clinical findings that supported her opinion including tearful sessions, irritability, and explosive anxiety. *Id.* Dr. Hoefflin found that Plaintiff's prognosis was poor due to his chronic back pain and concluded that he would be absent from work more than three times a month. *Id.* She additionally observed that Plaintiff had "marked" or "extreme"[6] functional limitations in, *inter alia*, maintaining social functioning; deficiencies in concentration, persistence or pace; episodes of deterioration in work; understanding and remembering detailed instructions; maintaining attention and concentration; sustaining an ordinary routine without special supervision; working in coordination with proximity to others; interacting appropriately with the general public; and completing a normal workday and work week without unreasonable interruptions from his impairments. *Id.*

The ALJ afforded Dr. Hoefflin's opinions "some weight concerning her opinion that the claimant experiences some deficits in concentration and attention, as well as some difficulty interacting with others." PageID 61. But the ALJ otherwise discounted Dr. Hoefflin's opinions, giving them "minimal to no weight." *Id.* The undersigned finds multiple errors in the ALJ's analysis of Dr. Hoefflin's opinions.

Initially, the undersigned notes that the ALJ erred in failing to specifically mention the applicable concept of controlling weight, analyze the controlling weight factors, or specifically decline

---

[6] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

to give Dr. Hoefflin's opinions controlling weight. PageID 61. As noted by this Court on numerous occasions, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Rather, the ALJ discounted Dr. Hoefflin's opinions on the grounds that her records consist only "of the claimant's subjective reports of stress…without observations of any clinical finding." PageID 61. Such a conclusion is an analysis of the "[s]upportability" factor found at 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion"). As this Court has repeatedly found, the "supportability" factor set forth under 20 C.F.R. § 404.1527(c)(3) is not part of the controlling weight analysis. *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 WL 4769010, at *4 (S.D. Ohio Oct. 20, 2017), *report and recommendation adopted sub nom. Dunham v. Berryhill*, No. 3:16-CV-414, 2018 WL 502715 (S.D. Ohio Jan. 22, 2018); *Caraway v. Comm'r of Soc. Sec.*, No. 3:16-CV-138, 2017 WL 3224665, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted sub nom. Caraway v. Berryhill*, No. 3:16-CV-138, 2017 WL 3581097 (S.D. Ohio Aug. 17, 2017); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311, at *4 (S.D. Ohio July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-345, 2018 WL 3636590 (S.D. Ohio July 31, 2018); *Wolder v. Comm'r of Soc. Sec.*, No. 3:16-CV-00331, 2017 WL 2544087, at *4 (S.D. Ohio June

13, 2017), *report and recommendation adopted*, No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017); *Warren v. Comm'r of Soc. Sec.*, No. 3:16-CV-00099, 2017 WL 480405, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 3:16-CV-99, 2017 WL 1019508 (S.D. Ohio Mar. 14, 2017); *Klein v. Comm'r of Soc. Sec.*, No. 3:14-CV-78, 2015 WL 4550786, at *6 (S.D. Ohio Mar. 24, 2015).

Instead, the 20 C.F.R. § 404.1527(c)(3) supportability factor under "is one applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz*, No. 3:16-CV-210, 2017 WL 3140878, at *3; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that this factor is "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight").

But even assuming the ALJ was properly assessing the supportability factor, additional error lies in the ALJ's critique -- that Dr. Hoefflin's opinions are "based only on his subjective statements." PageID 61. "[P]sychiatric impairment[s] are not as readily amenable to substantiation by objective laboratory testing as a medical impairment." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). Consequently, and contrary to the ALJ's assessment, "the report of a psychiatrist should not be rejected simply because of ... the absence of substantial documentation." *Id.*

Finally, the ALJ discounted Dr. Hoefflin's opinions because "the treatment notes she supplied are almost entirely illegible." PageID 61. As noted by Plaintiff, this Court has previously held that such a critique of treatment notes "is not a good reason to deny controlling or less than deferential weight to [the treating psychologist's] opinion because such a conclusion overlooks the significant findings and explanations set forth in the mental health questionnaire." *Mosley v. Comm'r of Soc. Sec.*, No. 3:14-cv-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015). Indeed, Dr. Hoefflin's mental

8

health questionnaire did outline the specific clinical findings that her opinions were based on. PageID 753. The ALJ's accusation of illegibility also undermines his assertion that Dr. Hoefflin's treatment notes consist "of the claimant's subjective reports of stress…without observations of any clinical finding." PageID 61. Such a conclusion -- that the treatment notes lack any clinical findings -- is speculative at best in light of the ALJ's inability to read the majority of Dr. Hoefflin's treatment notes. *Id*.; *Pollard v. Astrue*, Case No. 1:11-cv-186, 2012 WL 2341814, at *5 (S.D. Ohio June 20, 2012) *report and recommendation adopted by Pollard v. Comm'r of Soc. Sec.*, 1:11-cv-186, 2012 WL 2931310 (S.D. Ohio July 18, 2012) (finding that an ALJ must build a "logical bridge" between the evidence and the result).

Thus, the ALJ "did not provide 'good reasons' for why [Dr. Hoefflin's] opinions fail to meet either prong of this test." *Gayheart*, 710 F.3d at 376. Having failed to properly conduct a controlling weight analysis of Dr. Hoefflin's opinions, the non-disability finding by the ALJ here at issue must be reversed.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: 6/13/2019                                        s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).